# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60371
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 20, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ELVIS O'NEAL GRAY,

Defendant - Appellant

Appeals from the United States District Court
for the Southern District of Mississippi
USDC No. 1:14-CR-75-1

Before BARKSDALE, CLEMENT, and ELROD, Circuit Judges.

PER CURIAM:[*]

A jury convicted Elvis O'Neal Gray of mail fraud, in violation of 18 U.S.C. § 1341, based on his submitting false and fraudulent statements and representations in connection with a BP oil-spill compensation claim. At trial, a Government witness, Jarrell, in response to a question about how she knew Gray had already filed his claim, referred to his ex-wife's questioning how Gray had money to make purchases, because she testified Gray "wasn't helping take

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

care of [his] children or everything else except letting them come over and stay". Gray's counsel immediately moved for a mistrial, contending, *inter alia*, that Jarrell's statement was prejudicial character evidence. The court denied the motion; Gray challenges that denial.

Our court reviews the denial of a motion for mistrial, based upon introduction of improper evidence, for abuse of discretion. *E.g., United States v. Lucas*, 516 F.3d 316, 345 (5th Cir. 2008). A new trial is appropriate "only when . . . it appears that there is a significant possibility that the prejudicial evidence had a substantial impact on the jury verdict". *United States v. Valles*, 484 F.3d 745, 756 (5th Cir. 2007). The court did not abuse its discretion in denying Gray's motion. Based on the record and the context of Jarrell's statement, her reference to Gray's taking care of his children was an "isolated remark[ ], that w[as] not dwelled upon by the parties", and was not otherwise discussed by counsel or any other witness. *See, e.g., United States v. Paul*, 142 F.3d 836, 844 (5th Cir. 1998); *United States v. Zamora*, 661 F.3d 200, 212 (5th Cir. 2011).

In short, any such error was harmless. Although the court did not give a specific curative instruction concerning Jarrell's remark, it instructed the jury that Gray was not on trial for any other act, conduct, or offense not alleged in the indictment. *See Paul*, 142 F.3d at 844. Moreover, there is no significant possibility that Jarrell's remark had a substantial impact on the jury verdict, in the light of other overwhelming evidence of Gray's guilt presented at trial. *See id*.

AFFIRMED.